**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CASEY KLAIZNER,

        Plaintiff,

vs.

DITECH FINANCIAL LLC,

        Defendant.

Case No. 2:16-cv-00414-GMN-CWH

**ORDER**

Before the court is Defendant's Motion to Stay Discovery Pending Disposition of Motion to Dismiss (ECF No. 13), filed March 29, 2016. The court has considered the motion, Plaintiff's opposition (ECF No. 15), filed April 14, 2016, and Defendant's reply (ECF No. 16), filed April 20, 2016. Defendant seeks an order under Rule 26 of the Federal Rules of Civil Procedure staying discovery pending resolution of its Motion to Dismiss (ECF No. 7), filed February 29, 2016.

**BACKGROUND**

Plaintiff's suit, originally filed in state court, is a foreclosure avoidance complaint for declaratory relief under the provisions of Nevada Revised Statutes § 30.040. On February 26, 2016, Defendant removed the action to this court. (Petition for Removal (ECF No. 1).) Defendant responded to the complaint by filing a motion to dismiss (ECF No. 7) that is pending before the district judge. Defendant's motion to stay asserts that the motion to dismiss is meritorious, potentially dispositive of the entire case, and can be decided without any discovery. Finally, Defendant argues that an evaluation of the merits of the pending motion to dismiss weighs in favor of granting a stay. Specifically, Defendant makes four main arguments. First, the action is likely to be dismissed because the state court has prior exclusive jurisdiction because plaintiff filed a petition for judicial review in state court. (Reply Supporting Mot. to Dismiss (ECF No. 12) at Ex.

A.) Both the petition and this lawsuit address the same property. Second, Defendant argues that the action will likely be dismissed under the doctrine of res judicata because Plaintiff has already lost a prior action also challenging Defendant's right to foreclose on the property. Third, Defendant argues that Plaintiff lacks standing to challenge the validity of the loan assignment to Defendant from a prior holder. Finally, Defendant argues that there is no private right of action for the violation of criminal statutes, and so Plaintiff's claim on that basis will be dismissed.

Plaintiff opposes the motion, arguing that the motion to dismiss requires the court to assess facts out of which Plaintiff's claims arise, that Defendant has not met the standard necessary to stay discovery, and that it would not be an undue burden on Defendant to respond to discovery. He incorporates by reference his arguments in response to the motion to dismiss.

Defendant replies by reiterating his prior arguments and argues that discovery is not required to decide the pending motions.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.* Rather, the court weighs Rule 1's directive that the Federal Rules of Civil Procedure must "be construed and administered to secure the just, speedy, and inexpensive determination of every action" against "the underlying principle that a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

///

1   In determining whether to stay the discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the pending potential dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the merits of the pending dispositive motion. *Tradebay*, 278 F.R.D. 597 at 603. It is within the court's broad discretion to control discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

   Here, the court took a "preliminary peek" at the pending dispositive motion and finds that Defendant made the strong showing necessary to support the requested stay. The court in particular finds that Defendant's argument on the basis of res judicata is compelling. Res judicata bars all claims "which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a final judgment on the merits . . . ." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980). Defendant was a party to both suits. The first suit involved a final judgment on the merits. Both suits involve the same claims and similar causes of action. If granted, the motion would be dispositive of the entire case. Additionally, Plaintiff makes no argument that additional discovery is required to decide the motion. It therefore appears to the court, in its "preliminary peek" at the pending motion dispositive motion that the stay of discovery is appropriate.

## **CONCLUSION**

   IT IS THEREFORE ORDERED that Defendant Ditech Financial LLC's Motion to Stay Discovery (ECF No. 13) is GRANTED.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IT IS FURTHER ORDERED that if the district judge denies the motion to dismiss, the parties must meet and confer and file a proposed discovery plan and scheduling order within 14 days from the date of the order denying the motion to dismiss. The proposed discovery plan and scheduling order must comply with LR 26-1(b), with discovery deadlines measured from the date of the order on the motion to dismiss.

DATED: June 2, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**