# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CASEY KLAIZNER, | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 2:16-cv-00414-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| DITECH FINANCIAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendant Ditech Financial LLC ("Defendant"). *Pro se* plaintiff Casey Klaizner ("Plaintiff")[1] filed a Response, (ECF No. 11), and Defendant filed a Reply, (ECF No. 12). Plaintiff also filed a Surreply, (ECF No. 14).[2] For the reasons discussed below, HOA's Motion to Dismiss is **GRANTED**.

## I.   BACKGROUND

This case centers upon allegations that Defendant is wrongfully attempting to foreclose upon Plaintiff's residence, located at 8474 Orange Cliff Ct., Las Vegas, Nevada (the "Property"). (*See* Compl., Ex. A to Pet. for Removal, ECF No. 1). According to the Complaint, on August 18, 2006, Plaintiff obtained a loan in the amount of $280,000 from Countrywide

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff did not request leave from the Court to file a surreply. Local Rule 7–3(b) allows for motion, a response, and a reply. No provision exists for filing a surreply. Thus, a party must obtain leave from the Court before filing a surreply. "A sur-reply may only be filed by leave of court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Kanvick v. City of Reno*, No. 3:06-cv-00058-RAM, 2008 WL 873085, at *1 n.1 (D. Nev. Mar. 27, 2008). Given Plaintiff's status as a *pro se* litigant, the Court will consider Plaintiff's Surreply for the purposes of determining the instant Motion. In the future, however, Plaintiff must request leave of the Court before filing any pleadings not addressed in the Local Rules.

Home Loans, Inc. ("Countrywide") that was secured by a Deed of Trust on the Property. (*Id.* ¶ 1).  The Deed of Trust was recorded on September 1, 2006. (Deed of Trust, Ex. B to Mot. to Dism., ECF No. 7-2).[3]  Subsequently, on May 13, 2011, Countrywide assigned its interest in the mortgage loan to BAC Home Loans Servicing LP ("BAC"). (Ex. C to Mot. to Dism., ECF No. 7-3).  On April 8, 2013, Bank of America, N.A., as successor in interest to BAC ("BANA"), substituted National Default Servicing Corp. ("National") as the new trustee. (Ex. D to Mot. to Dism., ECF No. 7-4).  On August 22, 2013, National assigned the Deed of Trust to Defendant. (Ex. E to Mot. to Dism., ECF No. 7-5).  On July 31, 2014, National recorded a Notice of Default.  (Ex. F to Mot. to Dism., ECF No. 7-6).

On December 14, 2015, Plaintiff filed his Complaint in Clark County District Court asserting that Defendant obtained title to the Property through forgery in violation of Nevada Revised Statutes § 205.396. (Compl. ¶ 6).  Based on these allegations, Plaintiff challenges Defendant's right to foreclose and requests, *inter alia*, "an injunction against Defendant from further foreclosure proceedings." (*Id.* 10:24–25).  Defendant removed this action on February 26, 2016, pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Pet. for Rem. 2:1–2, ECF No. 1).  In the instant Motion, Defendant argues, *inter alia*, that the Complaint should be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's claims.

## II.   LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction.[4] Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction

---

[3] As matters of public record, the Court takes judicial notice of Exhibits A-I of the Motion to Dismiss and Exhibits A–B of the Reply. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

[4] Although Defendant's Motion to Dismiss provides the legal standard for Federal Rule of Civil Procedure ("FRCP") 12(b)(6) failure to state a claim, (Mot. to Dismiss 3:13–28, ECF No. 55), the Court considers it under FRCP 12(b)(1) as Defendant's determinative argument implicates the Court's lack of jurisdiction to hear the case pursuant to the prior exclusive jurisdiction doctrine. *See State Eng'r v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003); *Roland*

is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III.  DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed for three reasons: (1) Plaintiff's claims are barred by res judicata; (2) Plaintiff lacks standing; (3) Plaintiff cannot recover under Nevada Revised Statutes § 205.395; and (4) the prior exclusive jurisdiction doctrine forecloses Plaintiff's Complaint. (*See* Mot. to Dismiss, ECF No. 7); (Reply, ECF No. 12).  The Court agrees with Defendant that this case is subject to dismissal under the prior exclusive jurisdiction doctrine and therefore need not reach Defendant's remaining arguments.

Under the Supreme Court's prior exclusive jurisdiction doctrine, if a state or federal court "has taken possession of property, or by its procedure has obtained jurisdiction over the same," then the property under that court's jurisdiction "is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereign." *State Eng'r v. S. Fork Band of Te–Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003) (emphasis omitted) (quoting *Palmer v.*

*v. Hickman*, No. 2:15-cv-1133-JCM-VCF, 2015 WL 10734761, at *1 (D. Nev. Aug. 25, 2015), *R. & R. adopted*, No. 2:15-cv-1133-JCM-VCF, 2016 WL 1183085 (D. Nev. Mar. 28, 2016).

*Texas*, 212 U.S. 118, 125 (1909)).  The doctrine of prior exclusive jurisdiction is now best understood as a mandatory common law rule of judicial abstention. *See United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989).  Accordingly, when "one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res.*" *Chapman*, 651 F.3d at 1043.  The Ninth Circuit has made clear that "[t]he purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the res upon which jurisdiction of each depends." *One 1985 Cadillac Seville*, 866 F.2d at 1145 (citing *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)).

The Property at issue in the instant case is also the subject of an earlier filed action in Nevada state court.  On February 28, 2015, Plaintiff filed a "Verified Petition for Judicial Review" ("Petition") against Defendant in the Clark County District Court requesting "review of the mediation conducted pursuant to NRS 107 . . . and Nevada Supreme Court Foreclosure Mediation Rule 5(6)(e)." (Pet. 3:17–20, Ex. A to Reply, ECF No. 12-1).  In the Petition, Plaintiff states that he "filed an election of mediation" regarding Defendant's attempt to foreclose on the Property. (*Id.* 5:26–6:1).  Further, Plaintiff requests that the state court "[q]uiet title due to slander of title through assignment fraud" and also seeks "for both mortgage notes on [the Property] to be voided due to fraud." (*Id.* 31:1–3).  Likewise, in this action filed on December 14, 2015, Plaintiff disputes "that Defendant has the legal right to foreclose on the Subject Property due to the forgery in the assignment." (Compl. 10:12–14, Ex. A to Pet. for Removal, ECF No. 1).  Based on these allegations, Plaintiff seeks a declaration that Defendant has no right to foreclose on the property.

In both actions, Plaintiff's "essential purpose is to establish superiority of title in property.  This is quintessentially a manifestation of an in rem or quasi in rem proceeding." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (rejecting

argument that "action is in personam because it does not seek to quiet title so much as to establish breach of contract and incorporated foreclosure statutes" because complaint essentially sought "to establish title to property").  Consequently, the prior exclusive jurisdiction doctrine applies. *State Eng'r*, 339 F.3d at 811.  Because this Court assumed jurisdiction over the instant case regarding the Property after the state court action also pertaining to the Property, the state court's exercise of jurisdiction takes priority. *Penn Gen. Cas.*, 294 U.S. at 195 ("[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.").  Consequently, Plaintiff's Complaint is dismissed without prejudice.[5]  Plaintiff may refile if he can demonstrate that the parallel state court action has been fully dismissed.

## IV.   <u>CONCLUSION</u>

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, (ECF No. 7), is **GRANTED without prejudice**.

DATED this __22__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[5] Additionally, the Court notes that *Colorado River* abstention bars this court from asserting jurisdiction over the Complaint. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).  In *Colorado River*, the Supreme Court derived a list of factors that weighed in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." *Id.* Federal courts must consider, *inter alia*, "whether either the state or federal court has exercised jurisdiction over a *res*." *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992).  Consistent with those principles, the Ninth Circuit has made clear that when there are "pending state court proceedings" involving a single property, this *Colorado River* factor bars federal courts from exercising jurisdiction over that property because "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *Lusardi*, 976 F.2d at 588–89 (holding that when this *Colorado River* factor is applicable, it is "dispositive," and consideration of the other factors is unnecessary).